SHEPPARD A. GURYAN*
RICHARD L. ZUCKER*
DAVID SILVER*
RICHARD C. STEWART#
HELANE A. KIPNEES
GREGORY P. KONZELMAN*
DANIEL BIBERGAL
MARYJANE D. COWELL
RYAN S. SHORE*
LISA JUSTINE JURICK+

## LASSER HOCHMAN, L.L.C.

ATTORNEYS AT LAW
75 EISENHOWER PARKWAY - SUITE NO. 120
ROSELAND, NEW JERSEY 07068-1694
(973) 226-2700
FACSIMILE (973) 226-0844

sguryan@lasserhochman.com

OF COUNSEL
BRUCE H. SNYDER
ROBERT K. BROWN
PATRICK B. SPROULS*
RAND M. AGINS
LAWRENCE P. COHEN
LEVI KOOL*

AARON LASSER
(1895-1970)
H. LEE SAROKIN
(1928-2023)
B. WILLIAM HOCHMAN
(1933-1983)
IRVING C. MARCUS
(1940-2011)

*NJ AND NY BARS
#NJ, NY AND DC BARS
+NJ, NY AND TX BARS

June 12, 2026

VIA ECF
Hon. Evelyn Padin
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK 4C
Newark, NJ  07101

Re:  Interstate Realty Co., LLC v. Amazon Retail, LLC, et al.,
     Civ. No. 2:25-cv-16776-EP-SDA (D.N.J.)

Dear Judge Padin:

This office represents plaintiff Interstate Realty Co., LLC, ("Interstate").  As per the Court's direction, we write to address the cases of Hobson v. Hartford Ins. Co., 2022 U.S. Dist. LEXIS 176584, 2022 WL 4536470 (D. N.J. Sept. 28, 2022) ("Hobson"), and Lewis v. Government Employees Ins. Co., 2019 U.S. Dist. LEXIS 41403, 2019 WL 1198910 (D. N.J. Mar. 14, 2019) ("Lewis") with respect to defendants' pending partial motion to dismiss, in part, the Complaint.

Insofar as is relevant, both Hobson and Lewis hold that a claim of breach of the covenant of good faith and fair dealing cannot stand if it is merely duplicative of a breach of contract claim.

June 12,2026
Page 2

"In other words, when a party breaches a duty set forth explicitly in a contract, the remedy exists pursuant to those express terms, and not pursuant to some implied obligation arising out of the contract." Lewis, 2019 U.S. Dist. LEXIS 41403, at *7-8.

In Lewis, plaintiffs alleged that defendant GEICO breached its automobile insurance policy by underpaying claims, Lewis, supra, at *8 and that the identical conduct constituted a breach of the implied covenant of fair dealing. Id. "Given that these two claims clearly arise from the same facts, [the] Court [found] they are duplicative." Id. at *9.

The plaintiffs in Hobson similarly claimed that defendant Hartford Insurance Company breached its policy in the manner in which it calculated the Actual Cash Value ("ACV") of plaintiffs' totaled vehicles. This Court dismissed the claim for breach of implied covenant of good faith and fair dealing, since "both claims can be boiled down to the same allegation: Hartford Insurance underpaid total loss vehicle claims by applying an 'arbitrary' PSA [projected sales adjustment]." 2022 U.S. Dist. LEXIS 176584 at *16-17. The Court further found that plaintiff had not provided sufficient facts suggesting that Hartford applied these PSAs as it did unreasonably. Id. at *16.

As demonstrated in our Brief in opposition to defendants' motion, these concerns do not exist here.  The Complaint alleges

June 12, 2026
Page 3

that: (1) Amazon Retail breached the express terms of the Lease by purporting to terminate even though plaintiff's work was substantially complete, and (2) in the alternative, even if the work was not substantially complete, Amazon Retail breached the implied covenant of good faith and fair dealing by withholding disclosure of its decision to terminate, notwithstanding receipt of Interstate's November 21, 2024 Final Landlord Work Completion Date Notice, and intentionally and in bad faith misleading Interstate into incurring extraordinary additional expenses for six months without raising any issues of substantial completion. The allegations of the Complaint echo the facts which the New Jersey Supreme Court held gave rise to a valid claim for breach of implied covenant of good faith and fair dealing, despite the absence of any express contract violation, in such cases as Sons of Thunder, Inc. v. Borden Inc., 148 N.J. 396 (1997) and Bak-A-Lum Corp. of America v. Alcoa Bldg. Products, Inc., 69 N.J. 123 (1976), which are binding upon this Court.

Respectfully submitted,

LASSER HOCHMAN, L.L.C.
Attorneys for Plaintiff

By: _____
SHEPPARD A. GURYAN

SAG:kk

cc:  Honorable Stacey D. Adams —Via ECF
     Robert T. Szyba, Esq.-Via ECF & e-Mail
     Tricia W. Macaluso, Esq.-Via ECF & e-Mail
P:\Docs\SEC\SAG\OSTER-Interstate-Amazon-Termination Dispute\CORRESPONDENCE\61226Letto Judge Padin.doc