

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York  10018
**T** (212) 218-5500
**F** (212) 218-5526

rszyba@seyfarth.com
T (212) 218-3351

www.seyfarth.com

June 12, 2026

**VIA ECF**
Hon. Evelyn Padin, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom MLK 4C
Newark, New Jersey 07101

**Re:    Interstate Realty, Co, LLC v. Amazon Retail, LLC, et al.,**
**No. 2:25-cv-16776-EP-SDA (D.N.J.)**

Dear Judge Padin:

Defendants Amazon Retail, LLC ("***Retail***") and Amazon.com, Inc. ("***Amazon.com***," and collectively "***Defendants***") respectfully submit this letter pursuant to the Court's May 19, 2026 Order permitting the parties to simultaneously submit three-page letter memoranda addressing whether Plaintiff Interstate, Realty, Co, LLC ("***Plaintiff***") may properly assert claims for both (1) breach of contract and (2) breach of implied covenant of good faith and fair dealing. *See* ECF No. 28. As set forth below and in Defendants' Partial Motion to Dismiss, New Jersey law is clear that a plaintiff cannot maintain a breach of the implied covenant of good faith and fair dealing claim that arises from the same alleged conduct as its breach of contract claim. This well-established law is fatal to Plaintiff's breach of covenant of good faith and fair dealing claim because it and the breach of contract claim indisputably arise from a single course of conduct: Retails' termination of the Lease[1]. The Lease termination decision is the only conduct of Defendants that Plaintiff alleges is a breach of either the Lease or the covenant of good faith and fair dealing. Therefore, Plaintiff may only pursue recovery under a breach of contract theory.

**INTRODUCTION**

On November 20, 2025, Defendants requested a pre-motion conference, outlining the grounds for dismissal, including that Plaintiff cannot maintain both a breach of contract claim and a breach of covenant of good faith and fair dealing claim where both claims are based on the same conduct. *See* ECF No. 13. Plaintiff responded  on December 1, 2025. *See* ECF No. 14. After the Court determined that a pre-motion conference was unnecessary and granted leave to file the motion, Defendants filed their Partial Motion to Dismiss on February 20, 2026. *See* ECF No. 16. Defendants again argued that Plaintiff could not maintain its duplicative breach of contract claim

---

[1] "Lease" has the same meaning as in Defendants' Partial Motion to Dismiss.



and breach of covenant of good faith and fair dealing claim under New Jersey law because they are rooted in the same conduct. *See id.* On March 2, 2026, Plaintiff filed its Brief in Opposition to Defendants' Partial Motion to Dismiss. *See* ECF No. 18.

On April 20, 2026, counsel for all parties attended an in-person pretrial scheduling conference pursuant to Federal Rule of Civil Procedure 16. At the conference, the Court mentioned two cases—*Hobson v. Hartford Ins. Co. of the Midwest*, No. 2:21-cv-20696-EP-ESK, 2022 WL 4536470 (D.N.J. Sept. 28, 2022) and *Lewis v. Gov't Emps. Ins. Co.*, No. 1:18-cv-05111-RBK-MJS, 2019 WL 1198910 (D.N.J. Mar. 14, 2019)—that further support Defendants' position.

Even though Defendants have consistently raised this argument throughout all of its submissions, Plaintiff took the opportunity to seek leave to submit supplemental briefing. *See* ECF No. 25. The Court granted Plaintiff's request on May 19, 2026. *See* ECF No. 28.

## LEGAL ANALYSIS[2]

Both *Lewis* and *Hobson* reinforce the well-established principle that a claim for breach of the implied covenant of good faith and fair dealing cannot proceed where it is based on the same conduct underlying a breach of contract claim. Both also involve plaintiffs bringing claims against insurance companies for breach of contract and breach of the covenant of good faith and fair dealing. And in both, the Court dismissed the breach of the covenant of good faith and fair dealing claim as duplicative because both claims were rooted in the same allegations.

In *Lewis*, plaintiff's allegations in a total loss auto insurance claim were that insurance company defendant's adjustment was arbitrary and that it failed to pay mandatory fees, such as taxes. The court dismissed the claim for breach of the covenant of good faith and fair dealing, finding it duplicative of the breach of contract claim because both were "rooted in the same allegations." *Id.* at 3. The Court stated that one of the "central issues" was whether the breach of covenant of good faith and fair dealing claim was "merely duplicative" of the breach of the breach of contract claim. *Id.* at 3. "Under New Jersey law, 'a breach of the covenant of good faith and fairing [*sic*] dealing must not arise out of the same conduct underlying an alleged breach of contract action." *Id.* (quoting *TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 1:12-cv-03355-RBK-JS, 2013 WL 6048720, at *3 (D.N.J. Nov. 14, 2013)) (dismissing plaintiff's breach of covenant of good faith and fair dealing because it relied on the "same factual allegations" as the breach of contract claim, such as  failure to complete lawn work in a timely and workmanlike manner, falsely representing having completed the work, and demanding money for the incomplete work). The covenant of good faith and fair dealing is to be "construed narrowly and utilized only when gaps exist as to the parties' intentions." *Lewis*, 2019 WL 1198910, at *3. In dismissing the breach of covenant of good faith and fair dealing claim, the court determined "both claims highlight the Defendant's underpayment of claims by applying an arbitrary, unjustified 'condition

---

[2] Defendants focus on the cases identified by the Court rather than retreading the cases cited in their Partial Motion to Dismiss. Defendants maintain their arguments and caselaw raised in their Partial Motion to Dismiss.



adjustment' and the failure to pay sales tax, title fees, and license plate transfer fees." *Id.* Because the two claims "clearly arise from the same facts," the Court dismissed them as duplicative. *Id.*

Similarly, in *Hobson*, the allegations centered around the insurance company allegedly undervaluing plaintiff's vehicle in a total loss claim by implementing a projected sold adjustment ("**PSA**"). The Court denied defendant's motion to dismiss the breach of contract claim, but dismissed the breach of the covenant of good faith and fair dealing claim as duplicative of the breach of contract claim as both were rooted in the same allegations concerning defendant's implementation of the PSA. "Specifically, both claims can be boiled down to the same allegation: [defendant] underpaid total loss vehicle claims by applying an 'arbitrary' PSA." *Id*. at 6.

Additionally, in yet another context but nevertheless relevant here, the New Jersey Supreme Court has held that where an employee's employment is terminated in breach of an express contractual provision of an enforceable contract, "… there can be no separate breach of an implied covenant of good faith and fair dealing." *Wade v. Kessler Inst.*, 172 N.J. 327, 344, 798 A.2d 1251 (2002). The court overturned the jury verdict that the employer breached the covenant of good faith and fair dealing, stating that "[p]laintiff's allegation that she was terminated 'without just cause' in effect raises the question whether defendant's firing of plaintiff constituted a breach of the manual's discharge provision… [and] [t]he jury should have resolved that question within the framework of an alleged breach of a literal term, not as a violation of the implied covenant." *Id.*

The same principles apply here. Plaintiff cannot escape the simple fact that by the clear language of its Complaint, Plaintiff's breach of contract and breach of covenant of good faith and fair dealing claims arise from a single course of conduct: Retails' termination of the Lease. *See* Compl. ¶¶ 11,14, 17-20. In fact, Retail's decision to terminate the Lease is the **sole** conduct that underpins both of Plaintiff's causes of actions against Defendants. Therefore, "both claims can be boiled down to the same allegation" and are clearly duplicative. *Hobson*, 2022 WL 4536470, at *6. Bottom line, Plaintiff's allegation is that Defendants breached the termination provisions within the Lease, and accordingly, the dispute should be resolved via the breach of contract framework rather than as a violation of the covenant of good faith and fair dealing.

For the foregoing reasons as well as those set forth in Defendants' prior briefing, Defendants respectfully request this Court grant their Partial Motion to Dismiss.

We thank the Court for its consideration of this letter and Defendants' briefing.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Robert T. Szyba*
Robert T. Szyba